IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ART DALLAS, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:21-CV-2626-D |
| VS. § | |
| § | |
| FEDERAL INSURANCE COMPANY § | |
| and DEREK FRANKS, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from an insurance dispute, plaintiff Art Dallas, Inc. ("ADI") moves to remand based on a lack of complete diversity. Defendant Federal Insurance Company ("FIC") opposes the motion, contending that codefendant Derek Franks ("Franks") has been improperly joined. For the reasons that follow, the court holds that FIC has met its heavy burden of establishing improper joinder, and it denies the motion to remand.

I

This lawsuit arises from ADI's claim for insurance coverage following a storm that allegedly caused significant wind and hail damage to ADI's property (the "Property"). ADI was insured under a policy with FIC (the "Policy") that covered storm damage to the Property.

According to ADI's state court original petition ("petition"), FIC assigned Franks, a

senior claims specialist,[1] to adjust ADI's claim. ADI alleges that Franks inspected the Property and underestimated the cost to repair the damage, because he concluded that most of the roof damage was due to "wear and tear." Franks and FIC also hired HAAG Engineering Co. ("HAAG") to determine the scope of the damage to the Property's roof coverings. ADI asserts that HAAG is biased and incorrectly determined that the damage to the Property's roof system was not caused by wind or hail. Relying on this allegedly erroneous report, Franks and FIC denied most of the claimed damages to the Property on the basis that they were caused by wear and tear—a non-covered cause under the Policy—not wind and hail.

ADI then hired its own engineers and loss consultant to investigate the roof damage. Based on weather data and the tests performed by the engineers, ADI's loss consultant recommended that the roof be replaced due to storm damage. HAAG reviewed the findings and responded that they did not establish that the roof damage was due to wind and hail, and that HAAG stood behind its original conclusions. ADI's engineers and loss consultant disputed HAAG's conclusions, but FIC and Franks ultimately notified ADI that they did not believe that the reports established that the damage to the Property's roof was caused by the storm. And "[t]hey concluded that no coverage was warranted for the cost of any such repairs and that the interior water damage and roof damage are specifically excluded by the

---

[1] Throughout ADI's petition, FIC is referred to as "Chubb." Franks is alleged to be a Chubb senior claims specialist assigned to adjust ADI's claim. *See* Pet. 2. Because FIC is the named defendant, the court will refer to it as FIC rather than Chubb.

policy under its wear and tear and latent defects exclusions." Pet. 7.

ADI filed this suit in state court against FIC and Franks, asserting claims for breach of contract, violations of Tex. Ins. Code Ann. §§ 541-542 (West 2009 & Supp. 2020), violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2021), and breach of the common-law duty of good faith and fair dealing.

FIC removed the case to this court based on diversity of citizenship, contending that Franks—a Texas citizen— has been improperly joined.[2] Franks consented to the removal. ADI—also a citizen of Texas—moves to remand, contending that Franks was properly joined and that his Texas citizenship deprives this court of subject matter jurisdiction and precludes removal. FIC opposes the motion. The court is deciding the motion on the briefs.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

---

[2]FIC is an Indiana corporation with its principal place of business in New Jersey.

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood*, 385 F.3d at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). The removal statute therefore is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue here—the test for improper joinder

- 4 -

is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery" (emphasis omitted)). To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).

When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III

### A

FIC contends that Franks has been improperly joined because, *inter alia*, ADI's allegations do not state a plausible claim against him—that is, they do not allege how Franks

---

[3]The parties dispute whether Rule 8(a) or Rule 9(b) provides the statutory component of the federal pleading standard in this case. *See Int'l Energy*, 818 F.3d at 203. Because the resolution of this question does not change the court's ruling, it need not decide whether Rule 9(b)'s heightened standard for pleading fraud applies to ADI's claims under the Texas Insurance Code or the DTPA.

individually violated the statutes at issue, but instead group Franks and FIC together in a conclusory manner. FIC also posits that Franks has been improperly joined because ADI cannot state a claim against him as a matter of law.

B

FIC has met its heavy burden of demonstrating that there is no reasonable basis to predict that ADI might be able to recover against Franks. ADI alleges that Franks violated several provisions of Tex. Ins. Code Ann. § 541,[4] made actionable under § 541.151. ADI first asserts that Franks violated Tex. Ins. Code Ann. § 541.061 by engaging in false, misleading, and deceptive acts or practices in the business of insurance. And it alleges that Franks engaged in various unfair claims settlement practices, in violation of Tex. Ins. Code Ann. § 541.060(a): he misrepresented pertinent facts or policy provisions relating to coverage at issue, in violation of § 541.060(a)(1); he did not attempt in good faith to effectuate prompt, fair, and equitable settlement of ADI's claim on which FIC's liability has become reasonably clear, in violation of § 541.060(a)(2)(A); he failed to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for FIC's denial of a claim or offer of a compromise settlement of a claim, in violation of §541.060(a)(3); he failed to affirm or deny coverage of ADI's claim within a reasonable time, in violation of § 541.060(a)(4)(A); and he refused to properly pay ADI's claim without

---

[4]In its petition, ADI does not cite specific provisions of Chapter 541 of the Texas Insurance Code. Based on the allegations of the petition and ADI's brief in support of its motion to remand, *see* Pet. 10-11; P. Br. 12, the court will assume that ADI intends to allege violations of the listed provisions.

conducting a reasonable investigation with respect to the claim, in violation of § 541.060(a)(7). ADI also alleges that Franks violated §§ 17.46(b)(5), (7), (12), and (20) and 17.50(a)(2)-(4) of the DTPA.

C

1

There is no reasonable basis for the court to predict that ADI will be able to recover against Franks under Tex. Ins. Code Ann. § 541.

Franks cannot be held liable under § 541.060(a)(1). ADI asserts that Franks failed to conduct a reasonable investigation, hired a biased engineering firm, misrepresented the damage to the Property, and denied covered damage to the Property. This court has previously held that acts or omissions like this "are not within the scope of § 541.060(a)(1) because they do not relate to the 'coverage at issue.'" *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that the claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue)). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Id.* (quoting *Messersmith*, 10 F.Supp.3d at 724). ADI does not allege any facts that allow the court to draw the reasonable inference that Franks made

- 8 -

misrepresentations about the Policy. Because ADI's petition does not provide a reasonable basis for the court to reasonably infer that Franks misrepresented the Policy itself, relief under § 541.060(a)(1) is unavailable.

ADI cannot recover against Franks under § 541.060(a)(2)(A). Section 541.060(a)(2)(A) prohibits failing to attempt to fairly and promptly settle a claim when it becomes "reasonably clear" that the insurer is liable. *Meritt*, 2016 WL 931217, at *4 (citations omitted); *see also Messersmith*, 10 F.Supp.3d at 724. "An adjuster 'cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer.]'" *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (alteration in original) (quoting *Messersmith*, 10 F.Supp.3d at 724). Although ADI now posits that Franks had the authority to settle the claim, ADI has alleged no facts to support this statement. Rather ADI alleges that Franks was assigned to adjust the claim and that he investigated the damage. These factual allegations support an inference that Franks is an adjuster and therefore cannot be held liable under § 541.060(a)(2)(A).

Additionally, ADI's factual allegations related to the denial of the claim group FIC and Franks together. These collective, undifferentiated allegations do "not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Fernandez v. Allstate Fire & Cas. Ins. Co.*, 2015 WL 6736675, at *3 (N.D. Tex. Nov. 4, 2015) (Fitzwater, J.) (quoting *Plascencia v. State Farm Lloyds*, 2014 WL 11474841, at *5 (N.D. Tex. Sept. 25, 2014) (McBryde, J.)). In the absence of any factual allegations that

- 9 -

support a reasonable inference that Franks himself had the authority to settle or pay the claim, the court concludes that ADI cannot recover against Franks under § 541.060(a)(2)(A).

ADI cannot recover against Franks under § 541.060(a)(3) or § 541.060(a)(4)(A). "[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have the authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *Mainali*, 2015 WL 5098047, at *4 (second alteration in original) (quoting *One Way*, 2014 WL 6991277, at *5). "Similarly, an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Id.*

Art Dallas cannot recover against Franks under § 541.060(a)(7).

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*One Way*, 2014 WL 6991277, at *4 (alteration in original) (quoting *Messersmith*, 10 F.Supp.3d at 725). As explained, ADI does not allege any facts that allow the court to reasonably infer that Franks individually had the authority to refuse to pay ADI's claim. The court therefore concludes that ADI cannot recover against Franks under § 541.060(a)(7).

ADI cannot recover against Franks under § 541.061. Section 541.061 prohibits misrepresentation of policy provisions. As previously noted, ADI does not allege any facts

that suggest that Franks made any misrepresentations about the Policy. And because the petition does not provide a reasonable basis for the court to conclude that Franks misrepresented the Policy itself, relief under § 541.061 is unavailable. *See Rockbrook Realty Ltd. v. Travelers Lloyds Ins. Co.*, 2016 WL 8674683, at *4 (N.D. Tex. Nov. 18, 2016) (Fitzwater, J.) (concluding that there was no cause of action against an adjuster under § 541.061 where plaintiff did not allege that adjuster misrepresented the policies at issue); *Vasquez v. Wal-Mart. Assocs., Inc.*, 2012 WL 2715691, at *4 (N.D. Tex. July 9, 2012) (Fish, J.) (concluding there was no cause of action under § 541.061 where plaintiff did not allege untrue statements made by adjuster about the policy).

2

There is also no reasonable basis for the court to predict that ADI will be able to recover against Franks under the DTPA.

For the reasons discussed above, ADI has failed to adequately allege that Franks represented that the Policy had characteristics or benefits that it did not possess, in violation of § 17.46(b)(5) of the DTPA, or that he misrepresented that the Policy was of a particular standard, quality, or grade when it was of another, in violation of § 17.46(b)(7). ADI also has failed to adequately allege that Franks represented that the Policy confers rights or remedies that it does not involve, in violation of §§ 17.46(b)(12), (20), or that Franks breached an express or implied warranty of the Policy, in violation of § 17.50(a)(2). And absent a reasonable basis to predict that ADI might be able to recover against Franks for misrepresenting the Policy, there is no reasonable basis for the court to predict that ADI

- 11 -

might be able to recover against him under § 17.50(a)(3) for engaging in unconscionable conduct by taking advantage of ADI's lack of knowledge, ability, and experience to a grossly unfair degree.  *See Fernandez*, 2015 WL 6736675, at *4.  Finally, there is no reasonable basis for the court to predict that ADI might be able to recover against Franks under § 17.40(a)(4) of the DTPA.  "Violations under this section are derivative of violations of Chapter 541 of the Insurance Code." *Id.*

Additionally, ADI's allegations related to its DTPA claims repeatedly refer to conduct of the "defendants," without specifying the individual conduct of Franks.  Under the federal pleading standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Each of the allegations that relates to a DTPA claim is conclusory because it fails to provide the court some reasonable basis to predict that ADI can recover against Franks. *See Meritt*, 2016 WL 931217, at *5; *see also Plascencia*, 2014 WL 11474841, at *5 ("Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." (quoting *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014)); *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (Boyle, J.) (holding that plaintiff failed to show reasonable basis to recover against adjuster by merely reciting elements of causes of action, making only conclusory allegations, and "repeatedly refer[ring] to the allegedly wrongful conduct as taken jointly by 'Defendants' . . . without specifying the conduct taken by each [defendant]

separately.").

\*   \*   \*

Accordingly, because FIC has met its heavy burden of demonstrating that Franks has been improperly joined, Franks's Texas citizenship can be disregarded for purposes of determining diversity of citizenship and removability. Because the properly-joined parties are completely diverse, ADI's motion to remand must be and is denied.

**SO ORDERED**.

January 25, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE