IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ART DALLAS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-2626-D |
| VS. | § | |
| | § | |
| FEDERAL INSURANCE COMPANY | § | |
| and DEREK FRANKS, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from an insurance coverage dispute, defendant Federal Insurance Company ("FIC") moves under Fed. R. Civ. P. 12(c) for partial judgment on the pleadings as to plaintiff Art Dallas, Inc.'s ("ADI's") extracontractual claims against FIC and moves under Rule 12(b)(1) to dismiss codefendant Derek Franks ("Franks").[1]  For the reasons explained, the court grants FIC's Rule 12(c) motion in part and denies it in part, grants FIC's motion to dismiss Franks under Rule 12(b)(1), and also grants ADI leave to replead.  The court enters today a final Rule 54(b) judgment dismissing ADI's action against Franks without prejudice.

---

[1]Although FIC's motion is styled as one for partial judgment on the pleadings under Rule 12(c), FIC also seeks to dismiss ADI's action against Franks on the basis that the court has already determined in a prior memorandum opinion and order that he was improperly joined.  *See Art Dall., Inc. v. Fed. Ins. Co.*, 2022 WL 221231, at *6 (N.D. Tex. Jan. 25, 2022) (Fitzwater, J.).  Because the court lacks subject matter jurisdiction over a suit when an improperly joined defendant is present, *see Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), the court construes this part of the motion as a motion to dismiss Franks under Rule 12(b)(1).

I

This lawsuit arises from ADI's claim for insurance coverage following a storm that allegedly caused significant wind and hail damage to ADI's property (the "Property"). ADI was insured under a policy with FIC (the "Policy") that covered storm damage to the Property.

According to ADI's state court original petition ("petition"), FIC assigned Franks, a senior claims specialist,[2] to adjust ADI's claim. ADI alleges that Franks inspected the Property and concluded that most of the roof damage to the Property was due to "wear and tear." ADI also suggests that Franks was biased.

FIC also hired Everett A. Lenhart and David L. Teasdale of HAAG Engineering Co. ("HAAG") to determine the scope of the damage to the Property's roofs. HAAG acknowledged evidence of hail damage, but determined that the hail damage was insignificant. ADI suggests that HAAG is biased and incorrectly determined that the majority of the damage to the Property's roofs was not caused by wind or hail.[3]

_____

[2]Throughout ADI's petition, FIC is referred to as "Chubb." Franks is alleged to be a Chubb senior claims specialist assigned to adjust ADI's claim. *See* Pet. 2. Because FIC is the named defendant, the court will refer to it as FIC rather than Chubb.

[3]ADI does not initially allege that HAAG is biased; rather, ADI alleges that "Art Dallas believes that Chubb hires engineers like Lenhart, Teasdale, and HAAG because they are biased for insurance companies." Pet. 3. ADI also alleges that "[c]ourt cases have also determined that HAAG is a biased consultant for insurers." *Id.* at 4.

Later in its petition, however, ADI alleges that "Chubb, Franks, and their biased consultants," including HAAG, "reach[ed] . . . biased conclusions," and Chubb and Franks "hir[ed] . . . biased consultants." *Id.* at 4, 6, 10.

- 2 -

Relying on these allegedly erroneous reports, Franks and FIC denied most of the claimed damages to the Property on the basis that they were caused by wear and tear—a non-covered cause under the Policy—not wind and hail.  They concluded that the hail and wind damage was only $14,416.81.

Disagreeing with FIC's conclusions, ADI hired its own engineers and loss consultant to investigate the roof damage.[4]  Based on weather data and tests performed by the engineers, including an uplift test, ADI's engineers and loss consultant recommended that the roof be replaced due to the storm damage and concluded that the hail and wind damage was about $975,882.93.

HAAG reviewed the findings and responded that they did not establish that the roof damage was due to wind and hail, and that HAAG stood behind what ADI alleges are HAAG's "biased and unsupported" conclusions.[5]  Pet. 5.

ADI's engineers and loss consultant created a supplemental report that again disputed HAAG's conclusions.  They alleged that HAAG had failed to account for buffeting winds; that a proper investigation would require uplift testing (which HAAG did not do); and that HAAG had failed to consider relevant weather data and to provide reasonable support for its

---

[4]ADI hired five consultants.  It first hired Showtime Exteriors, LLC ("Showtime").  Showtime determined that the hail damage to the Property was $975,882.93.  ADI also hired Jason Lanier, Randall Crow, Dixon & Associates Consulting Structural Engineers, and Gary Treider.

[5]In particular, HAAG stated that the uplift test was not relevant to determining the cause of wind damage to the roof.  HAAG also disputed whether the uplift test that was done by ADI's experts complied with proper industry standards.

opinions.

FIC and Franks ultimately notified ADI that they did not believe that ADI's experts' reports established that the majority of the damage to the Property was caused by the storm.[6] According to ADI's petition, "[t]hey concluded that no coverage was warranted for the cost of any such repairs and that the interior water damage and roof damage are specifically excluded by the policy under its wear and tear and latent defects exclusions." Pet. 7. FIC and Franks again estimated damage at only $14,416.81.

ADI filed this suit in state court against FIC and Franks, asserting claims for breach of contract, violations of Tex. Ins. Code Ann. §§ 541-542 (West 2009 & Supp. 2020), violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2021), and breach of the common-law duty of good faith and fair dealing.[7]

FIC removed the case to this court based on diversity of citizenship. ADI moved to remand, which the court denied. The court held that Franks was improperly joined.

FIC now moves for partial judgment on the pleadings under Rule 12(c) and to dismiss under Rule 12(b)(1).[8] ADI opposes the motions, which the court is deciding on the briefs.

---

[6]ADI alleges that Franks "knew or should have known" that the amount he and FIC estimated was damaged by the hail storm was not enough to cover the actual damages to the roof. Pet. 7.

[7]In its petition, ADI also includes a heading for "Waiver and Estoppel," but as discussed *infra* § VII, ADI does not assert waiver or estoppel as causes of action.

[8]The only claim *not* challenged on these motions is ADI's breach of contract claim against FIC.

II

The court considers first FIC's motion to dismiss ADI's action against Franks under Rule 12(b)(1).[9]

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g.*, *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citation omitted) (citing *Paterson*, 644 F.2d at 523). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citations omitted).

_____

[9]*See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12 (b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

- 5 -

B

FIC argues that, because the court previously held that Franks was improperly joined, *see Art Dallas, Inc. v. Federal Insurance Co.*, 2022 WL 221231, at *6 (N.D. Tex. Jan. 25, 2022) (Fitzwater, J.) ("FIC has met its heavy burden of demonstrating that Franks has been improperly joined."), it must dismiss ADI's action against him.[10]   The court agrees.  *See Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1049 (5th Cir. 2021) ("When a district court 'determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice.'" (emphasis in original) (quotation omitted)); *Whitener v. ASI Lloyds*, 2018 WL 10419343, at *2 (N.D. Tex. Jan. 23, 2018) (Fitzwater, J.). Accordingly, the court dismisses ADI's action against Franks without prejudice.[11]

III

The court now considers FIC's Rule 12(c) motion for partial judgment on the pleadings.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313

---

[10]In *Art Dallas*, *Inc.* the court held that ADI did not plausibly state a claim against Franks under the DTPA or § 541 of the Texas Insurance Code.  *See Art Dall., Inc.*, 2022 WL 221231, at *3-6.  These claims are the only claims that ADI asserted against Franks.

[11]The dismissal must be without prejudice.  *Alviar v. Lillard*, 854 F.3d 286, 291 (5th Cir. 2017).

- 6 -

n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted) (internal quotation marks omitted)).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a motions to dismiss, ADI must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* at 678 (citation omitted).[12]

## IV

Because FIC contends that ADI's extracontractual claims all fail if it has not plausibly stated a claim for bad faith, the court will first address ADI's claim under the common law duty of good faith and faith dealing. *See Kim v. Nationwide Mut. Ins. Co.*, 2022 WL 2670393, at *11 (N.D. Tex. July 11, 2022) (Fitzwater, J.).[13]

## A

FIC contends that ADI's petition fails to plausibly allege that FIC violated its duty of good faith and fair dealing because ADI does not allege that FIC lacked a reasonable basis for denying ADI's claim. At best, FIC argues, ADI asserts that there was a "battle of the experts" or bona fide dispute between the parties, which itself is insufficient to constitute bad faith under Texas law. FIC maintains that ADI has also failed to plausibly allege that the reports FIC relied on in making its decision were biased, unreliable, or not objectively

---

[12]The parties dispute whether Rule 8(a) or Rule 9(b) governs the federal pleading standard in this case. Because the resolution of this question does not change the court's ruling, it need not decide whether Rule 9(b)'s heightened standard for pleading fraud applies to ADI's claims under the Texas Insurance Code or the DTPA.

[13]The court rejects FIC's request to dismiss ADI's extracontractual claims on the basis that they are "shotgun pleadings." First, the pleading in this case is easily distinguishable from those that involve a shotgun pleading. *See, e.g.*, *Roe v. Johnson Cnty., Tex.*, 2019 WL 5031357, at *4 (N.D. Tex. July 29, 2019) (Horan, J.) (describing 70 separate claims), *rec. adopted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) (Boyle, J.). And, second, in dismissing Franks, *see supra* § II(B), and directing ADI to specify its claims, *see infra* note 23, the court has addressed the "sins of shotgun pleading" identified by FIC.

prepared, and it posits that ADI only makes conclusory allegations of bias.[14]

Citing *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444 (Tex. 1997), ADI contends that it has plausibly pleaded that FIC violated its duty of good faith and fair dealing. ADI posits that *Nicolau* involved both HAAG and Teasdale—FIC's two experts in this case—and that the court in *Nicolau* concluded that the evidence showed that they were biased. ADI also points out that it has pleaded that FIC knew its experts were biased and that FIC had contrary evidence from ADI's experts disputing its own expert's conclusions.

## B

"Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997) (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)).

> A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has no reasonable basis for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial. In order to sustain such a claim, the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim. The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim. However, insurance carriers maintain the right to deny questionable claims without being subject to liability for an erroneous denial of the claim. A

---

[14]FIC also contends that ADI has only alleged that it *believes* some of its conclusory allegations are true, not that they are, in fact, true.

> bona fide controversy is sufficient reason for failure of an
> insurer to make a prompt payment of a loss claim.  As long as
> the insurer has a reasonable basis to deny or delay payment of
> a claim, even if that basis is eventually determined by the fact
> finder to be erroneous, the insurer is not liable for the tort of bad
> faith.

*Id.* (citations omitted).

The focus of a bad faith inquiry is on the reasonableness of the insurer's conduct in rejecting or delaying payment of the claim, *see Universe Life Insurance Co. v. Giles*, 950 S.W.2d 48, 49 (Tex. 1997), which is determined by viewing the facts available to the insurer at the time of denial, *see Viles v. Security National Insurance Co.*, 788 S.W.2d 566, 567 (Tex. 1990).  An insurer breaches its duty of good faith if it denies a claim and its liability has become reasonably clear.  *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).  Moreover, an insurer cannot escape liability by failing to investigate a claim so that it can contend that liability was never reasonably clear; it breaches the duty of good faith and fair dealing by failing reasonably to investigate a claim.  *See Giles*, 950 S.W.2d at 56 n.5 (citing *Arnold*, 725 S.W.2d at 167).  But an insurer's duty to investigate is limited. *See Simmons*, 963 S.W.2d at 44.  "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved."  *Id.*  If, after reasonable investigation, the insurer has evidence showing that the insured's claim may be invalid, a bad faith action is not viable.  *See Tucker v. State Farm Fire & Cas. Co.*, 981 F. Supp. 461, 465 (S.D. Tex. 1997) (citing *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988)).

C

It is axiomatic that a "'bona fide dispute' regarding insurance coverage precludes liability for breach of the duty of good faith and fair dealing." *See Nationwide Mut. Ins. Co.*, 2022 WL 2670393, at *13. And, at first blush, ADI's allegations appear to suggest a bona fide controversy: they establish that FIC relied on two expert reports (Franks's and HAAG's reports) to reach its conclusions. *See id.* at *12; *Hall Arts Ctr. Office, LLC v. Hanover Ins. Co.*, 327 F.Supp.3d 979, 998 (N.D. Tex. 2018) (Fitzwater, J.) (holding that reliance on two expert reports created bona fide controversy).

But while an insurer's reliance on an expert report may create a bona fide controversy, "the mere fact that an insurer relies upon an expert's report to deny a claim [does not] automatically foreclose[] bad faith recovery as a matter of law." *Nicolau*, 951 S.W.2d at 448. A plaintiff may allege that the insurer could not rely on an expert report by arguing that "the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *Id.*

Accordingly, the question in this case is whether ADI has plausibly adequately alleged that the two reports that FIC relied on were not "objectively prepared" or FIC's "reliance on the report[s] was unreasonable." ADI must have alleged sufficient facts for the court to reasonably conclude that the reports were not objectively prepared or that reliance was unreasonable.

Two cases provide insight on the facts ADI must allege to meet its pleading burden: *Mian v. Progressive County Mutual Insurance Co.*, 2020 WL 9938283 (S.D. Tex. June 11,

2020), and *Luna v. Nationwide Property & Casualty Insurance Co.*, 798 F.Supp.2d 821 (S.D. Tex. 2011).

In *Mian* the insured alleged that the defendant-insurer relied on a report that used a specific methodology. *Mian*, 2020 WL 9938283, at *1-2. The specific methodology was unique because it consistently produced lower values than other valuation methods for the cash value of vehicles. *Id.* The insured also alleged that other entities in the industry did not use the specific method and that the method was invalid. *Id.* The defendant-insurer, however, used the method for the majority of its claims, knowing it could save large amounts of money in undervaluing the insured's damage. *Id.* at *2. In denying the defendant-insurer's motion to dismiss, the district court noted that the plaintiff had alleged that the defendant-insurer used the specific methodology for the purpose of lowering payments to the insured; relied on a method it knew was invalid; the method produced lower payments to the insured than other industry-standard methods; and others in the industry did not use this method. *Id.* at *4. These allegations, the court held, "stated a claim for bad faith." *Id.*

In *Luna*, by contrast, the court reached the opposite conclusion. There the insured's roof was damaged by a hurricane. *Luna*, 798 F.Supp.2d at 823. The defendant-insurer hired an expert to determine whether the hurricane caused the insured's claimed damages. *Id.* at 824. The expert performed a subpar investigation, failing to inspect the interior of the residence or get on the plaintiff's roof to inspect damage. *Id.* The plaintiff alleged that the expert underestimated the damages to the roof and was outcome-oriented. *Id.* at 824, 828. He also asserted that the insurer knew that the payment it offered was below what was

necessary to repair the damage.  *Id.* at 824, 829.  The district court held that the plaintiff had failed to provide sufficient facts for the court to conclude that the insurer's liability was reasonably clear, that the insurer knew at the time it denied his claims that its offer was not fair, and that the investigation was unreasonable.  *Id.* at 830-31.  His claims were only "vague, general conclusions."  *Id.* at 828.  The court therefore held that the plaintiff had failed to plausibly plead a violation of the duty of good faith and fair dealing.  *Id.* at 830.

ADI alleges in its petition that HAAG and its conclusions were "biased" and result-oriented; that Franks and HAAG failed to reasonably investigate ADI's claim; and that HAAG's report was erroneous.  ADI also asserts that it *believes* FIC hired HAAG because HAAG gives "low-balled" reports that FIC can use to deny the insured's claim;[15] that FIC knew of ADI's expert's reports when it denied ADI's claim; and that FIC did not ask HAAG to conduct a second investigation after it was faced with contrary evidence.  ADI also alleges that court cases have determined that HAAG is a biased consultant and provides lowball reports.[16]

---

[15]The court assumes *arguendo* it can consider this allegation.  FIC maintains that it should not be considered because it is not a factual allegation but a mere statement of belief.  ADI does not appear to have responded to this argument.  In fact, in its response, ADI appears not to rely on this allegation.  Nevertheless, even if the court considers this allegation, ADI's claim fails for the reasons discussed above.

[16]The court assumes *arguendo* that it can consider this allegation.  This assertion is not an allegation that HAAG is, in fact, biased, but that court cases have found that HAAG is biased.  *See Vess v. City of Dallas*, 2022 WL 625080, at *6 n.13 (N.D. Tex. Mar. 3, 2022) (Fitzwater, J.) ("[The plaintiff] does not make a *factual* allegation that this bad act occurred; rather, he notes that another person has *alleged* that Cox in fact committed this bad act." (emphasis in original)).

These allegations are insufficient to plead a plausible claim for relief.[17]  On one hand, ADI's allegations bear some similarities to *Mian*; for example, like the insured in *Mian*, ADI alleges that FIC hires biased engineers because they deliver lowball results.  *See* Pet 3-4; *Mian*, 2020 WL 9938283, at *2.  But there are also a lot of differences between the cases. Unlike the plaintiff in *Mian*, for example, ADI fails to allege that others in the industry do not use HAAG; it does not allege that HAAG uses a invalid methodology rejected by others; and it does not allege that FIC uses HAAG for the majority of its claims for the purpose of saving money.  *Cf. Mian*, 2020 WL 9938283, at *1-2, *4.  Rather, as in *Luna*, there are only conclusory allegations of bias, a "results-oriented" approach, and an unreasonable investigation.  *See Luna*, 798 F. Supp. at 829.

ADI's petition lacks the additional facts needed for the court to draw the reasonable inference that FIC's experts' reports were not objectively prepared or that it was unreasonable for FIC to rely on them.[18]  Indeed, putting aside conclusory allegations of bias, *Iqbal*, 556 U.S. at 679, the court can at best draw the reasonable inference that HAAG gives

---

[17]Put together, ADI contends that its allegations support the following facts and inferences: (1) "Defendants knew its consultants had been found to be biased"; (2) Defendants [had] evidence that HAAG was incorrect"; and (3) HAAG did not conduct a second investigation.  P. Resp. 15.  The court's analysis differs favorably toward ADI and considers ADI to have alleged slightly more facts, as discussed above.

[18]ADI relies on *Nicolau,* but that case is not similar to this case.  In *Nicolau* there was evidence on a motion for summary judgment that the experts almost always returned a preferable decision for the insurer; there was evidence on how the expert performed an inadequate investigation; and there was near uniform disagreement with some of the insurer's expert's conclusions, even by the insurer's other expert.  *Nicolau*, 951 S.W.2d at 449-50.

FIC lower-valuation reports and FIC *prefers* to use HAAG because it delivers lower valuations of damage. But these factual premises, even assumed to be true, do not suggest that HAAG is not performing an objective analysis or that FIC is unreasonably relying on HAAG. As the Supreme Court of Texas has stated, "[a]ll experts presumably have certain general views and expertise, and an insurer's mere awareness of such views is not necessarily an indication of bad faith." *Nicolau*, 951 S.W.2d at 449; *Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, 2017 WL 3448190, at *3 (W.D. Tex. Aug. 10, 2017) ("Plaintiff makes the conclusory and boilerplate statement that Koralewski shows bias by providing favorable, result-oriented investigations, estimates, and reports to the insurance.").

Moreover, the court can also draw the reasonable inference that the experts disagreed on methods—but not that FIC's experts were biased or used invalid methods.[19] For example, one of ADI's experts stated that an uplift test was necessary, but HAAG disagreed and thought the uplift test only showed the current state of the roof. Or, for example, ADI's expert's disputed HAAG on the proper standards to use for the uplift test. And the experts

---

[19]*Mian* can be distinguished from this case at least on the basis that the plaintiff in *Mian* alleged—beyond conclusory allegations—that the specific methodology was not only preferable for the insurer, but also way out of step with the industry standard and consistently used by the insurer for the same lopsided, invalid result. *See Mian*, 2020 WL 9938283, at *1-2. The facts alleged enabled the court to draw the reasonable inference that the report was not objectively prepared (because it did not use a valid methodology), or it was unreasonable to rely on the report (because the report used an invalid method, rejected by others, to reach favorable results to the insurer). *See id*. at *4.

appeared to disagree on whether buffeting winds should be considered.[20]  Altogether, these facts do not enable the court to draw the reasonable inference that HAAG or Franks failed to perform an objective report, that FIC unreasonably relied on that report, or that any party was biased.  *See Nino v. State Farm Lloyds*, 2014 WL 6674418, at *6 (S.D. Tex. Nov. 24, 2014) (holding, at summary judgment stage, that "Plaintiff d[id] not provide . . . proof of standard industry practices, or legal authority that Defendant's adjusters relied on inadequate testing and information.").

Accordingly, the court grants FIC's motion for judgment on the pleadings as to ADI's claim for breach of the duty of good faith and fair dealing.[21]

## V

The court turns next to ADI's DTPA claims.

A "bona fide dispute" regarding insurance coverage precludes liability for breach of the duty of good faith and fair dealing and violations of the DTPA and Texas Insurance Code.  *See Higginbotham*, 103 F.3d at 460 (citing *Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App. 1994, writ denied)); *Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999).  "Texas courts have clearly ruled that these

---

[20]It is not clear from the petition whether consideration of buffeting winds is *always* necessary or it is standard industry practice.

[21]FIC asks this court to review documents outside of the pleadings, including expert reports, to show that ADI's engineer cannot identify the cause of the damage.  ADI disputes that the court can rely on the engineer reports.  The court need not address this argument because, even assuming *arguendo* that the court cannot rely on the reports, ADI's claim fails for the reasons discussed.

extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas." *See Higginbotham*, 103 F.3d at 460; *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F.Supp.2d 801, 811 (N.D. Tex. 2010) (Fitzwater, C.J.) (same). "The insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage." *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 525 (5th Cir. 2015) (quotation omitted) (internal quotation marks omitted) (citing *Higginbotham*, 103 F.3d at 459); *see also Harrison v. Int'l Catastrophe Ins. Managers, LLC*, 2012 WL 1231071, at *8 (E.D. Tex. Mar. 22, 2012) ("When claims under the Texas Insurance Code and the DTPA are joined with a claim for breach of the duty of good faith and fair dealing, and the statutory claims are based on the same theory which underlies the bad faith claim—namely, denial of policy benefits without a reasonable basis—then those DTPA and Insurance Code claims must fail if the bad faith claim fails."), *rec. adopted*, 2012 WL 1232020 (E.D. Tex. Apr. 12, 2012).

ADI's DTPA claims arise out of the same factual allegations that give rise to its bad faith claims: that FIC improperly denied its claim of loss under the Policy. *See Nationwide Mut. Ins. Co.*, 2022 WL 2670393, at *13; *Guerrero v. State Farm Lloyds*, 2021 WL 5154784, at *4 (S.D. Tex. June 25, 2021) ("[T]he basis of Plaintiffs' statutory claims is the same as the basis for their breach of good faith and fair dealing claim: Defendant wrongfully denied Plaintiffs' policy benefits."). The court therefore grants FIC's motion for judgment on the pleadings as to ADI's claims under the DTPA. *See JNH Holding, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, 2017 WL 4347683, at *4 (E.D. Tex. Sept. 29, 2017) ("Because the Texas

Insurance Code and DTPA claims arise out of the same factual allegations as the bad faith claims, the Court finds that these statutory claims must also be dismissed."); *see also Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999) ("[W]hen an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, *all asserting a wrongful denial of policy benefits*, if there is no merit to the bad faith claim, there can be no liability on either of the statutory claims." (emphasis added)).[22]

VI

The court now addresses ADI's Texas Insurance Code claims.

ADI alleges that Nationwide violated Chapter 541 of the Texas Insurance Code but does not specify which provisions were violated.[23]  In its response, ADI contends that ADI's allegations "track" §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4)(A), and 541.060(a)(7).  ADI also asserts that FIC violated Chapter 542 of the Texas Insurance Code, identifying only § 542.058.

---

[22]The court does not suggest that dismissal of a plaintiff's bad faith claim will necessarily result in dismissal of one or more extracontractual claims.  *See Nationwide Mut. Ins. Co.*, 2022 WL 2670393, at *13 n.20.

[23]Because the court was previously able to, *Art Dallas, Inc*., 2022 WL 221231, at *3 n.4, and currently can, discern which provisions ADI is relying on, the court declines to dismiss ADI's petition as "shotgun pleading."  Even so, for clarity, in its amended complaint ADI must specify the provisions that were violated.  *See Euramerica Gas & Oil Corp. v. Britlind Energy LLC*, 2018 WL 11356913, at *2 (N.D. Tex. Apr. 20, 2018) (Lynn, C.J.) ("Plaintiff is directed to amend its Complaint to specify [certain allegations in its complaint]"); *see also Vega v. City of EL Paso*, 2022 WL 789334, at *10 (W.D. Tex. Mar. 15, 2022) (stating that the plaintiff "should, to promote clarity, separately set out each of [his] claims and his Fourth Amendment excessive force claim in the amended complaint to avoid the sins of 'shotgun pleadings'").

A

Section 541.060 lists a number of unfair settlement practices, including:

"misrepresenting to a claimant a material fact or policy provision relating to coverage at

issue," in violation of Tex. Ins. Code Ann. § 541.060(a)(1) (West 2018); "failing to attempt

in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect

to which the insurer's liability has become reasonably clear," in violation of Tex. Ins. Code

Ann. § 541.060(a)(2)(A) (West 2018); "failing to promptly provide to a policyholder a

reasonable explanation of the basis in the policy . . . for the insurer's denial of a claim," in

violation of Tex. Ins. Code Ann. § 541.060(a)(3) (West 2018); "failing within a reasonable

time to affirm or deny coverage of a claim to a policyholder," in violation of Tex. Ins. Code

Ann. § 541.060(a)(4)(A) (West 2018); and "refusing to pay a claim without conducting a

reasonable investigation with respect to the claim," in violation of Tex. Ins. Code Ann.

§ 541.060(a)(7) (West 2018).  Finally, Tex. Ins. Code Ann. § 542.058 (West 2018) prohibits

"an insurer, after receiving all items . . .[from] delay[ing] payment of the claim for . . . more

than 60 days."

B

Because ADI has failed to plausibly allege a claim for breach of the duty of good faith

and fair dealing, and its § 541 claims under § 541.060(a)(1),[24] § 541.060(a)(2)(A) and §

_____

[24]"[A]lthough this [§ 541.060(a)(1)] claim mentions a misrepresentation—suggesting
it may not arise out of the same factual allegations as [ADI's] bad faith claim—the claim
appears to rely on the same theory as [its] bad faith claim (i.e., that there was no reasonable
basis to deny [its] policy benefits, and [FIC's] representation to the contrary was a

541.060(a)(7) appear to arise out of the same factual allegations as its bad faith claim, the court grants FIC's motion for judgment on these claims. *See Nationwide Mut. Ins.Co*, 2022 WL 2670393, at *14 (dismissing plaintiff's § 541.060(a)(1) claim because it "rel[ies] on the same theory as his bad faith claim."); *Hall Arts Ctr. Office, LLC*, 327 F.Supp.3d at 1000 ("[I]n this case, for the same reasons that Hall Arts's claim for breach of the duty of good faith and fair dealing fails, its § 541.060(a)(2)(A) and § 541.060(a)(7) claims fail as well.").

C

The court denies FIC's motion for judgment on ADI's Tex. Ins. Code Ann. § 541.060(a)(4)(A) claim. As with ADI's other statutory claims, FIC contends that the court should dismiss ADI's § 541.060(a)(4)(A) claim for "failing within a reasonable time to . . . affirm or deny coverage of a claim to a policyholder" because it relies on the same predicate as ADI's bad-faith claim.[25] Contrary to FIC's assertions, however, this claim does not appear

---

misrepresentation of coverage." *Nationwide Mut. Ins.Co*, 2022 WL 2670393, at *14; *see also Lopez v. Allstate Tex. Lloyds*, 2018 WL 2773381, at *4 (N.D. Tex. May 23, 2018) (Ray, J.) ("Lopez's supporting evidence suggests only a factual dispute over covered damage under the Policy, not that Allstate engaged in false, deceptive, or unfair practices."), *rec. adopted*, 2018 WL 2765409 (N.D. Tex. June 8, 2018) (O'Connor, J.).

[25]FIC also argues that all of ADI's statutory claims are conclusory. But beyond labeling all of ADI's allegations "conclusory" it does not explain in its opening brief why ADI's claim under § 541.060(a)(4)(A) should fail. The court acknowledges that ADI did not specify in its petition which parts of the Texas Insurance Code FIC violated, but the court previously construed the parts ADI was relying on. *See Art Dall., Inc.*, 2022 WL 221231, at *3 n.4.

Furthermore, while FIC provides more detail on its challenges to some of ADI's Texas Insurance Code claims individually in its reply, the court declines to consider arguments raised for the first time in reply. *See, e.g.*, *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument

- 20 -

to rely on the same predicate as ADI's bad-faith claim.  ADI's bad-faith claim appears to arise out of FIC's alleged wrongful denial of its claim, *see supra* § IV(C), but a claim under § 541.060(a)(4)(A) for "failing within a reasonable time to . . . affirm or deny coverage of a claim to a policyholder" does not appear to arise out of wrongful denial of a claim because, even if the denial is correct, it may still be tardy.  *See Hall Arts Ctr. Office, LLC*, 327 F.Supp.3d at 1000 ("[I]t is not apparent that Hanover's reasonable basis for denying Hall Arts's claim automatically absolves it of liability regarding the promptness of making a determination."); *see also  Jajou v. Safeco Ins. Co. of Ind.*, 2022 WL 220391, at *12 (W.D. Tex. Jan. 24, 2022) ("[T]he same theory, however, does not underlie Jajou's claims under sections 541.060(a)(4) and 542.058. These claims implicate Safeco's alleged failure to affirm or deny coverage within a reasonable time and Safeco's alleged failure to issue prompt payment."); *Greenville Townhome Owners Ass'n, Inc. v. Phila. Indem. Ins. Co.*, 473 F.Supp.3d 692, 699 (N.D. Tex. 2020) (Lynn, C.J.) (same).  Accordingly, because FIC offers no argument as to how ADI's § 541.060(a)(4)(A) claim shares the same predicate for recovery as ADI's bad faith claim, the court denies FIC's motion for judgment on the pleadings as to ADI's § 541.060(a)(4)(A) claim.

---

raised for the first time in a reply brief." (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.))), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

 Accordingly, the court only considers FIC's argument that the  § 541.060(a)(4)(A) claim relies on the same predicate as the bad-faith claim as a basis for judgment on the pleadings. *See Jajou v. Safeco Ins. Co. of Ind.*, 2022 WL 220391, at *12 (W.D. Tex. Jan. 24, 2022) ("Safeco has also failed to present any argument for summary judgment of these claims based on any other grounds.").

D

The court turns last to ADI's § 542.058 claim for improperly delaying payment of the claim.

1

"The Texas prompt-payment statute 'provides for additional damages when an insurer wrongfully refuses or delays payment of a claim.'" *Metro. Hosp. Partners, Ltd. v. Lexington Ins. Co.*, 84 F.Supp.3d 553, 571 (S.D. Tex. 2015) (Rosenthal, J.) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 16 (Tex. 2007)).  Under Chapter 542, the insured must establish: "(1) a claim under an insurance policy; (2) for which the insurer is liable; and (3) that the insurer has not followed one or more sections of [Chapter 542] with respect to the claim."  *Beaumont Pres. Partners, LLC v. Int'l Catastrophe Ins. Managers, LLC*, 2011 WL 6707287, at *11 (E.D. Tex. Oct. 6, 2011) (alteration in original) (quotation omitted), *rec. adotped*, 2011 WL 6709920 (E.D. Tex. Dec. 21, 2011); *see also Metro Hosp. Partners*, 84 F.Supp.3d at 571 ("An insurer will not be held liable for violating [the prompt-payment statute] unless it is found liable for the underlying insurance claim." (citing *Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614, 623 (Tex. App. 2005, no pet.))).

2

As with ADI's other statutory claims, FIC's only argument for judgment on the pleadings on ADI's § 542.058 claim is that it shares the same predicate as ADI's bad faith claim.  But as discussed regarding ADI's § 541.060(a)(4)(A) claim, FIC has not explained how ADI's claim for "delay[ing] payment of the claim for . . . more than 60 days" under Tex.

- 22 -

Ins. Code. Ann. § 542.058—a claim dealing with the promptness of payment—has the same predicate for recovery as ADI's bad faith claim. *See Jajou*, 2022 WL 220391, at *12. Accordingly, the court denies FIC's motion for judgment on the pleadings as to ADI's § 542.058 claim. *See Hall Arts Ctr. Office, LLC*, 327 F.Supp.3d at 1000-01.

VII

The court next turns to ADI's purported claims for waiver and estoppel.

FIC seeks judgment on the pleadings as to ADI's waiver and estoppel claims. In its petition, under the heading "Waiver and Estoppel," ADI alleges that "Defendants have waived and are estopped from asserting any defenses . . . not contained in any reservation of rights . . . previously sent to Plaintiff." Pet. 11. In its response, ADI provides more context on waiver and estoppel, clarifying that it "did not plead [waiver and estoppel] as a cause of action." P. Resp. 20. Accordingly, because ADI states that its reference to waiver and estoppel is not to causes of action, the court grants FIC's motion for judgment on the pleading as to putative claims for waiver and estoppel.[26] *See RKCJ, LLC v. Farmers & Merchants Bank*, 2022 WL 1050313, at *3 (N.D. Tex. Apr. 7, 2022) (Horan, J.) ("Plaintiff's request to sanction Defendant fails to state a claim for relief because a sanctions request is not an independent cause of action."); *Sanchez v. Wells Fargo Bank, N.A.*, 2020 WL 2086549, at *3 (W.D. Tex. Apr. 30, 2020) (stating that a request for an injunction was not

---

[26]Because ADI has not asserted waiver and estoppel as causes of action, the court need not address FIC's other arguments for judgment on these claims.

a cause of action).[28]

## VIII

Although the court is granting in part FIC's motion for partial judgment on the pleadings, it will permit ADI to replead:

> [i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (alteration in original) (quoting *Great Plains Tr. Co.*, 313 F.3d at 329).  It is not clear that all of the defects in ADI's claims are incurable, and ADI has not advised the court that it is unwilling or unable to amend in a manner that will avoid dismissal.  Accordingly, the court grants ADI 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

* * *

Accordingly, for the reasons explained, the court grants in part and denies in part FIC's motion for partial judgment on the pleadings under Rule 12(c).  It also grants FIC's motion to dismiss under Rule 12(b)(1) ADI's action against Franks, and enters today a Rule

---

[28]ADI states that waiver and estoppel are "anticipatory response[s] to FIC and Franks' defenses."  P. Resp. 20.  But ADI does not specify which defenses its arguments for waiver and estoppel are intended to refute.

- 24 -

54(b) final judgment dismissing ADI's action against Franks without prejudice.  The court

grants ADI leave to file an amended complaint within 28 days of the date this memorandum

opinion and order is filed.

**SO ORDERED**.

July 22, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE